UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                    Plaintiff

v.                                                                    Criminal Action No. 3:24-CR-0084-RGJ-6

RAYSHAWN SPEARMAN, JR.,                                                              Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Motion to Revoke Release Order by the United States, [DE 43], and Motion of Defendant, Rayshawn Spearman, Jr. ("Spearman Jr."), for "permission to move back in with his family." [DE 163]. Spearman Jr. responded to the United States' motion and the United States responded to Spearman Jr.'s motion. [DE 56, DE 173]. This matter is now ripe for adjudication. For the reasons set forth below, the United States' Motion to Revoke Release Order [DE 43] is **DENIED** and Spearman Jr.'s Motion [DE 163] is **REFERRED to the Magistrate Judge** as set forth below.

**I.     BACKGROUND**

On August 6, 2024, a grand jury issued a three count Superseding Indictment charging fourteen individuals, including Spearman Jr. [DE 10]. Spearman Jr. is charged with conspiracy to possess with intent to distribute controlled substances. [DE 10]. Spearman Jr. was arraigned, and a detention hearing was held August 15, 2024. [DE 29; DE 40]. That same day, following the hearing, United States Magistrate Judge Regina S. Edwards entered an Appearance Bond with Order Setting Conditions of Release. [DE 41]. Two of those conditions were home detention, with releases for medical and court purposes only, and the assignment of the Spearman Jr.'s mother as a third-party custodian. The next day, the United States filed its motion to revoke detention. [DE

43]. On September 10, 2024, this case was transferred to the undersigned. [DE 87]. A Second Superseding Indictment was issued in this case on October 16, 2024 adding additional charges against Spearman Jr. for distribution of methamphetamine, possession with intent to distribute controlled substances, and possession of a firearm in furtherance of drug trafficking. [DE 109]. On December 3, 2024, Spearman Jr. filed the instant motion asking that he be permitted to serve his home detention at the home where his fiancée and three children reside. [DE 163]. He argues his absence has negatively impacted his family and he is needed to care for the children and transport them to and from school and daycare. [*Id.*] Thus, he seeks a change in the location of his home detention, and a modification of his release to permit transporting the children to school/daycare. The motion is silent as to a third-party custodian. The United States filed a response that, without waiving its position that Spearman Jr. should be detained, that it would defer to the Court and Probation office as to the suitability of the proposed residence for home detention and that a hearing may be needed as to the third-party custodian. [DE 173]. No issues or problems with Spearman Jr.'s detention have been reported.

## II. STANDARD OF REVIEW

18 U.S.C. § 3145(a) governs review of release order and provides that "[i]f a person is ordered released by a magistrate judge . . . that attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." The statute also provides that "the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." 18 U.S.C. § 3145(a)(2). This Court reviews a Magistrate Judge's release or detention order *de novo*. *United States v. Demarcus Bristuan Fitzhugh*, No. 16-MJ-30364, 2016 WL

4727480, at *2 (E.D. Mich. Sept. 12, 2016) citing *United States v. Leon*, 766 F.2d 77, 81 (2d Cir.1985).

18 U.S.C. § 3142 governs the release or detention of a federal defendant pending trial. Under the Bail Reform Act, a defendant must be detained pending trial if a judge "finds that no condition or combination of conditions will *reasonably assure* the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(emphasis added); *see also United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004) (noting that the requirement is not one of "guarantee," but instead "reasonable assurance"). Section 3142(e)(3) requires application of a "rebuttable presumption" in certain cases, including offenses "for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. §3142(e)(3)(A

The presumption of § 3142(e)(3) imposes a burden on the defendant to come forward with evidence that he poses no danger to the community or is a flight risk. That said, even when a defendant satisfies his burden of production, the presumption favoring detention does not disappear but remains a factor for the court to consider among those weighed by the court. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *see also United States v. Legg*, No. 00-5209, 2000 WL 553990, at *1 (6th Cir. Apr. 28, 2000) ("The presumption does not, however, vanish simply because a defendant comes forward with evidence to rebut it . . . The court may continue to give the presumption some weight by keeping in mind that Congress has determined that drug offenders pose a special risk of flight and dangerousness to society.") (internal citations omitted). It remains the government's ultimate burden to prove that no conditions of release can assure the defendant's appearance and assure the safety of the community. *Stone*, 608 F.3d at 946.

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the court considers four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .

18 U.S.C. § 3142(g)(1)-(4). The United States must prove risk of flight by a preponderance of the evidence and dangerousness to the community by clear and convincing evidence. 18 U.S.C. § 3142(f). Therefore, if this Court considers the evidence in light of the § 3142(g) factors and finds that Spearman Jr. is a flight risk or poses a danger to the community, this Court may revoke the Magistrate's Release Order and order Spearman Jr. be detained pending trial. A judge's finding that no set of conditions will reasonably assure the appearance of the person and/or the defendant poses a threat to the safety of any other person in the community must be supported by clear and convincing evidence. *Id.* at § 3142(f)(2)(B). Proof of risk for flight is determined by a

preponderance of the evidence. *United States v. Kirk*, No. 93-1459, 1993 US App. LEXIS 12069 at 2 (6th Cir May 13, 1993).

### III. DISCUSSION

Here, Section 3142(e) creates a presumption in favor of pretrial detention because Spearman Jr. has been charged with violating 18 U.S.C. 846, 841(a)(1), and 841(b)(1)(A), offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. The Second Superseding Indictment [DE 109] is sufficient to establish probable cause to believe Spearman Jr. committed the charged offenses. *Stone*, 608 F.3d at 945 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) and stating "[a] grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged.").

After reviewing the relevant materials *de novo*, including the audio recording from Magistrate Judge Edwards's detention hearing, and the Pretrial Services Report, the Court agrees with the Magistrate Judge that clear and convincing evidence supports that the current home incarceration with a third-party custodian is sufficient to reasonably assure the safety of the community and the appearance of Spearman Jr.; therefore, Spearman Jr. should continue with this arrangement and the United States' motion to revoke his release will be denied. The passage of time and that no issues or problems have been reported in the months since Spearman Jr. began his home incarceration lends further support. However, Spearman Jr.'s request to modify his conditions of home incarceration should be decided by the Magistrate Judge. The Court would be inclined to consider the request to move home incarceration; however, Spearman Jr. did not identify a third-party custodian to replace the current third-party custodian and there are more details that will need to be worked out by the Magistrate Judge by a hearing.

Accordingly, **IT IS ORDERED** that the United States' Motion to Revoke Release Order [DE 43] is **DENIED** and Defendant's motion to modify the conditions of his bond [DE 163] is **REFERRED** to the Magistrate Judge pursuant to Fed. R. Crim. P. 59(a) and 28 U.S. Code § 636(b)(1)(A).

Copies to:   Counsel of record
             Probation Office